12L  35
12L 206
14L 136
1pi 33

12L  35
117  696

EAST TENNESSEE, VIRGINIA & GEORGIA RAILROAD
COMPANY v. JOSEPH M. FAIN.

1. RAILROADS. *Contributory negligence.* Although a person be injured by
a railroad train while unlawfully on the track of the road, or while
contributing to the injury by his own carelessness, yet if the injury
might have been avoided by the use of ordinary care and caution by
the railroad company, the company will be liable in damages, the
negligence of the party injured being taken into consideration, by
way of mitigation, in estimating the damages.

2. CHARGE OF COURT. *Jury judges of facts and must apply law as charged.*
It is not error to charge the jury thus: "You are the sole judges of
the facts, and the law as given in charge by the court," the language,
although unusual in a civil case, plainly meaning that the jury must
take the law as given by the court, and be the judges of its applica-
tion to the facts.

3. RAILROADS. *Charge of court. Persons using track as a walk-way.* It
is not error to refuse the following charge: "A railroad company is
not liable, where no evil intent or wanton conduct appears, for in-
juries by its trains to intruders, who undertake to use the track for
some business purpose of their own, or to persons who are unlawfully
walking, remaining upon or crossing its track."

4. CHARGE OF COURT. *Written requests.* A judge cannot be put in error
by not doing more than he was asked to do, when, so far as appears,
the party complaining was satisfied at the time with what was done;
as where, when a written proposition, which he was requested to
charge, was read to him in the presence of the jury, and he said,
"let the jury have the instruction as a part of the charge," without
formally repeating it to the jury as a charge. A charge correct in
itself as far as it goes, but not complete, is no longer objectionable, if
the omission be supplied by the adoption by the court of a special re-
quest directed to the omitted point, or matter.

FROM KNOX.

Appeal in error from the Circuit Court of Knox
county.   S. A. RODGERS, J.

W. M. BAXTER for Company.

JNO. GREEN and G. W. PICKLE for Fain.

COOPER, J., delivered the opinion of the court.

The railroad company has appealed in error from a verdict and judgment against it in favor of Fain for damages for a personal injury to him from a moving engine and tender, resulting in the loss of one of his legs above the ankle. The Referees have reported in favor of affirming the judgment, and the company has excepted to the report.

Fain was in the employment of a business house at Knoxville, his duties requiring him to pay some attention to the customers of the house coming in by the railroad trains. On the night of the accident, he was at the hotel near the depot until the night train came in about twelve o'clock. He had been drinking beer alone, according to his own account, somewhat freely, and probably beer mixed with some spirituous liquor. At any rate, he was so far under the stimulus of his potations as to stagger in his walk. He left the hotel shortly after the train came in, and after having examined the register of the new arrivals for acquaintances. He seems to have started from the hotel by the back way down a street parallel to the railroad going west, but afterwards returned, and went down the road-way itself in the same direction, walking between the rails. The night was dark and rainy, and there is proof tending to show, and the jury must have so found the fact, that while thus walking down

the track·he was struck by the tender of an engine
backing in the same direction.    The engine and tender
had come in with the train, but were detached, and
after having been rubbed off and the tender filled with
coal, were being backed down to the round house to
be laid by for the night.    The theory of the plaintiff
below is that the tender came upon him so suddenly
and rapidly, without any light being shown and without
the bell being rung, that he was unable to get off the
track before he was struck.    The theory of the de-
fense is that the plaintiff had gone to sleep on some
plank by the side of the road across a ditch, and had
thrown his foot upon the rail.    The plaintiff's own
testimony was that he was walking on the track, and
there is no evidence that he was lying or sleeping as
claimed by the company, the fact being insisted upon
only as a reasonable inference from the circumstances.
The plaintiff was found in a ditch by the side of the
road, with his foot crushed.    There is proof that the
road-way of the company where the accident occurred
was used by the people at all hours, without objection
by the company, in going to and from the direction
taken by the plaintiff, and that it was the nearest
route to his destination from the depot.

The errors principally relied on for reversal are in
the charge of the court to the jury.    The trial judge
gave first a general charge, and then made parts of
his charge, four out of five, of the special requests of
the defendant below.    The error which should reverse
in such a case ought to be positive and plain.

The first objection made is to the following charge:

"If you find from the evidence that both parties were guilty of some negligence, contributing to cause the injuries to plaintiff as alleged, but different degrees of negligence, the plaintiff being less at fault, and guilty of the less degree of negligence, the law is that such negligence on the . part of the plaintiff will not defeat his right to a recovery, but it is proper matter for the consideration of the jury in mitigation of damages."

This is the closing paragraph of the judge's general charge upon the subject of negligence. He had already charged, in language not excepted to, that if the defendant had negligently ran one of its engines and attachments over the plaintiff, as. alleged in the declaration, all else out of the way, the plaintiff would be entitled to recover.     And on the other hand that if the injury was caused by the plaintiff's own negligence, he would not be entitled to recover.    He had then explained to the jury the degree of caution and care required by law from the defendant in the pursuit and management of its business, and in running its engines and trains, for the safety of third persons.    He had also explained to them the diligence and caution required by law from the plaintiff, without the exercise of which he could not recover.    He then defines contributory negligence, and how the rights of the parties would be affected by the greater or more immediate negligence. in bringing about the injury, and says to the jury that if they find that both parties were in equal degree guilty of negligence, the plaintiff would not be entitled to recover.    Then follows the clause excepted to.    But, in a charge otherwise full and free

Railroad v. Fain.

from exception, this was only saying to the jury, that the negligence of the defendant which is not the proximate cause of the injury, nor such as would exclude a recovery on his part, may nevertheless be taken into consideration, by way of mitigation, in ascertaining the damages. And any possible defect in the charge was fully covered by the special requests of the defendant made a part of it by the court, and which the defendant must have intended to cover every point of law essential to its defense.

Negligence, when the evidence is conflicting, is a mixed question of law and fact, the fact to be found by the jury upon a proper charge of law by the court. But negligence is itself often not a fact which is the subject of direct proof, but an inference from facts put in evidence. And negligence may be disputed when the facts are undisputed, in which case, the question is eminently one for the jury under the direction of the court: Whart. Neg., sec. 420. The principles of law regulating the subject are well settled in this State. Where a person uses his own property carelessly and negligently, without a reasonable degree of care and caution not to injure others such as a prudent man would under the circumstances have observed, especially where injury was likely to ensue, he will be civilly liable. And this upon the principle that a gross disregard of the interest of others is not distinguishable, either in point of moral guilt or evil results, from a malicious intention to injure. If a party by his own gross negligence bring an injury upon himself, or proximately contribute to such injury, he cannot recover.

Neither can he recover in cases of mutual negligence where both parties are equally blamable. But although guilty of negligence, yet if the party cannot, by ordinary care, avoid the consequence of the defendant's negligence, he will be entitled to recover. He is considered the author of the injury, by whose first or more gross negligence, in the sense of proximate negligence, it has been effected: *Whirley* v. *Whiteman*, 1 Head, 611; *Nashville & Chattanooga Railroad Company* v. *Carroll*, 6 Heis., 347, 367. In the case of contributory negligence, the enquiry is, whose conduct or neglect more immediately produced the wrong or injury done. If the act or neglect of the defendant, then for that conduct or neglect he should be held responsible. If the injury was caused by the conduct, or was the immediate result of the conduct of the plaintiff, to which the wrong of the defendant did not contribute as an immediate cause, then plaintiff should not recover, but should bear the results of his own conduct or neglect. If defendant was guilty of a wrong by which plaintiff is injured, and plaintiff was also in some degree negligent or contributed to the injury, it should go in mitigation of the damages, but cannot justify or excuse the wrong. "The principle is," says Freeman, J., "the mere fact that one person is in the wrong does not necessarily discharge another from the observance of proper care towards him, or the duty of so exercising his own rights as not to do him an unnecessary injury": *Dush* v. *Fitzhugh*, 2 Lea, 307. And the rule, that the carelessness or imprudence of the injured party might be considered by the jury in

assessing the damages, has been applied in cases where the statutory requirements prescribed in the running of railroad trains have not been observed: *Louisville & Nashville Railroad Company* v. *Conner*, 2 Baxt., 382. The mere fact that a party is a trespasser, will not prevent him from recovering for injuries negligently inflicted by another which might have been averted by ordinary and proper prudence on the part of the latter. And, therefore, although a person be injured while unlawfully on the track of a railroad, or while contributing to the injury by his own carelessness or negligence, yet if the injury might have been avoided by the use of ordinary care and caution by the railroad company, the company will be liable in damages for the injury: Whart. Neg., secs., 336, 388. The charge of the trial judge, including the special requests made a part thereof, is in accordance with these principles.

It is next insisted that the court erred in saying to the jury: "You are the sole judges of the facts and the law as given in charge by the court." The argument is that this was in effect saying to the jury that they were the judges of the law as well as the facts. But the language conveys no such meaning. On the contrary, it fairly implies that the jury are to take the law as given to them by the court in the charge. It is a rather unusual expression to say in a civil case that the jury are the judges of the law thus given, borrowed from the administration of the criminal law, where the conclusiveness of a general verdict in favor of the defendant virtually makes them such judges. But the meaning of the judge plainly

is, by the form of expression, that you must take the law as given you by the court, and be the judges of it by applying the same to the facts.

The plaintiff in error complains that the trial judge refused to charge his first request as follows: "The defendant, except at crossings established by law, has the exclusive right to its track at all times. It is not required to anticipate the intrusion of wrong-doers. A person entering without right on the company's track does so at his peril, and cannot recover for injuries suffered by him in a collision with its engines, except when it inflicted them intentionally and wantonly. Its duty to trespassers is only the negative one, not to act maliciously or with obvious disregard of consequences. It is not liable where no evil intent or wanton conduct appears, for injuries to intruders who undertake to use its track for some business purpose of their own, or to persons who are unlawfully walking, or remaining upon, or crossing its track." But this is clearly not the law in this State. Even without reference to the provisions of the statutes regulating the conduct of railroads in running their trains within the limits of municipal corporations, or when an obstacle appears on the roadway, the proposition is not correct. The law affords a party a remedy by civil action to recover damages for an injury to his person or property, caused either directly or consequentially by the negligence, inadvertence, or want of proper precaution on the part of another, although such injury may have been purely accidental and unintentional. The mere lawfulness of the act from which the injury

resulted is no excuse for the negligence, unskilfulness or reckless incaution of the party: *Tally* v. *Ayres,* 3 Sneed, 677; *Weaver* v. *Ward,* Hob., 134. Nor, as we have seen, will the fact that the injured party is a trespasser deprive him of the right of action. He is still entitled to recover for injuries negligently inflicted by another which might have been averted by ordinary and proper prudence on the part of the latter: Whart. on Neg., sec. 340, *et seq.*

It. is very true that a person walking on a railroad track, unless under contract of some sort with the company, or by their invitation, or on a highway crossing, has no right to expect that the road shall be kept fit for travelers so walking, and though he, as one of a general body of citizens, has, without opposition from the company, been in the habit of using the track, he cannot expect adaptations to be made in running the trains in consequence of his probable presence, or any precautions to be taken to meet in advance the contingency of his presence. It is also true that there is a conflict in the authorities. as to the relative rights of a railroad company and a person merely permitted, with others, to use its track as a pathway: Whart. on Neg., sec. 388*a*; *Railroad Co.* v. *Shearer,* 58 Ala., 672; *St. Louis Railroad Co.* v. *Galbreath,* 1 Cent. L. J., 575; *Ill. Cent. R. R. Co.* v. *Godfrey,* 14 Am. Law. Reg., 290. But there is nothing in the charge of the court in this case, or in the requests made by the defendant, nor in the facts, to take the case out of the general rule as above, or to require a further consideration of the authorities.

The matter of the special instruction having been embodied in the charge, it was the duty of the defendant to see that the instructions asked were strictly correct: *Sommers* v. *Railroad Co.*, 7 Lea, 201; *Rea* v. *State*, 8 Lea, 356.

The next objection is to the manner in which the trial judge gave his assent to the propositions of law, he was specially requested by the defendant to charge. The bill of exceptions shows that these propositions were read to the court in the presence and hearing of the jury, and that his Honor said as each was read: "That instruction can go to the jury as part of the charge;" or "let the jury have it as part of the charge:" or words of similar import. The objection is that he did not repeat the propositions to the jury formally as a part of the charge. But there was no request to do this. The defendant's counsel was satisfied at the time with the assent of the court to the law as propounded in the requests, and these requests, which were in writing, were no doubt handed to the jury. The trial judge cannot now be put in error by not doing more than he was asked to do, when, so far as appears, the defendant was satisfied at the time with what was done.

Objection is also made to the following clause of the judge's charge: "On the other hand, the plaintiff is required by law to have exercised at the time of the alleged injury such care, diligence and caution for his own safety as a person of ordinary prudence and caution would have exercised, situated as he was at the time of the alleged injury, and if his neglect to

exercise such care caused him injury, the law is he cannot recover." The objection is to the words "situated as he was at the time of the alleged injury," because, it is argued, the defendant was at the time in a drunken sleep, and was incapable of exercising prudence and caution. The charge was, no doubt, intended to apply to the plaintiff upon the theory that he was walking on the track, and is unexceptionable as far as it goes. The error, if error there be, was in not also charging upon the theory of the defendant as to the condition of the plaintiff. But the omission was supplied by the adoption by the court of the request of the defendant directed to that very point, namely: "That if the accident occurred by reason of the drunkenness of the plaintiff as its efficient cause, the plaintiff cannot recover."

Counsel on both sides, as is apt to be done in cases like the one before us, dwelt largely in their arguments upon the various aspects of the facts. But the facts have been passed upon by the jury, and the question of negligence, when it is to be inferred from the facts, "is eminently one for the jury." We cannot invade the province of the jury when there is any evidence to sustain the verdict, and it is not pretended that there is no such evidence in this case.

Confirm the report of the Referees, and affirm the judgment of the circuit court.