YARBROUGH *v.* POTTER *et al.*

(*Nashville*, December Term, 1947.)

Opinion filed January 16, 1948.

James O'. Noland and Waldo E. Rassas, both of Clarksville, for plaintiff in error.

James C. Cunningham and Stout & Porter, all of Clarksville, for defendants in error.

Mr. Justice Gailor delivered the opinion of the Court.

This suit was filed in the Circuit Court of Montgomery County, Tennessee, on December 9, 1946, by Yarbrough against Douglas and Hubert Potter, to recover damages alleged to have been done to certain personal property of the Plaintiff, who admitted that he had brought that personal property on the real estate of the Defendants, as a trespasser. The amount of the damages sought by the declaration was $3,000.

Defendant demurred on the following grounds:

(1) That the declaration did not aver that the Plaintiff was in lawful possession of the house alleged to have been occupied by him.

(2) That the declaration showed on its face that the Plaintiff was arrested for trespassing in said house and pleaded guilty and was fined.

After the Trial Judge had indicated that he would sustain the demurrer, but apparently before a formal order to that effect had been entered in the case, the Plaintiff made a motion to amend his declaration by reducing the amount of damages he sought from $3,000 to $1,322.75, and by striking out one of the paragraphs of the original declaration, and inserting in lieu thereof the following:

"Plaintiff further avers, declares, and alleges that these possessions were maliciously thrown and dumped from defendants' truck by the defendants with such force

and violence as to cause them to be broken, damaged, and destroyed beyond repair or salvage; all to plaintiff's damage of One Thousand Three Hundred Twenty-Two Dollars and Seventy-five Cents ($1322.75), for which he sues and demands a jury to try this case."

The proposed amendment merely had the effect of rendering more specific the following allegation in the original declaration:

". . . the defendants, Douglas and Hubert Potter, maliciously, intentionally, wilfully, wrongfully, and in utter and complete disregard for the rights and property of the plaintiff, threw, placed, and/or dumped all of plaintiff's furniture and household furnishings, clothing, bed-clothing, and groceries into a ditch which drained a county road running close to defendant Potters' house, where they were exposed to the weather.

"Plaintiff further avers, declares, and alleges that at the time these possessions were maliciously thrown, dumped, or placed in said ditch, it was raining or about to rain and that the rain, which fell, completely destroyed, made worthless, or rendered all furniture, household furnishings clothing, and groceries beyond repair or salvage; all to plaintiff's damage of Three Thousand Dollars, ($3000.00), for which he sues and demands a jury to try this case."

Without stating his reasons, the learned Trial Judge overruled the motion to amend and sustained the demurrer and dismissed the suit. The appeal is before us with appropriate assignments of error to these actions of the Trial Judge.

■■ We think the assignments of error must be sustained. The only grounds if demurrer were (1) that the declaration showed on its face that the Plaintiff was not in lawful possession, and (2) that the declaration showed

on its face that the Plaintiff was an admitted trespasser. Neither of these grounds met the issue of liability, which was whether or not, although the Plaintiff was an admitted trespasser, the Defendants Potter had wilfully, maliciously and wrongfully damaged the Plaintiff by the destruction of and injury to his personal property. The owner of realty owes to a trespasser the duty not to injure him wilfully, maliciously or intentionally. *Westborne Coal Co.* v. *Willoughby,* 133 Tenn. 257, 180 S. W. 322; *Worsham* v. *Dempster,* 148 Tenn. 267, 255 S. W. 52; *Clapp* v. *La Grill,* 103 Tenn. 164, 52 S. W. 134; *Texas Co.* v. *Haggard,* 23 Tenn. App. 475, 482, 134 S. W. (2d) 880; *Kelley* v. *Tennessee Elec. Power Co.,* 7 Tenn. App. 555; 20 R. C. L., Negligence, sec. 53, Persons Not Invited, Trespassers, Licensees, p. 60.

"One acts wantonly within the rule that a property owner owes to a trespasser only the duty to refrain from wilful, wanton and reckless conduct, when he inflicts injury intentionally or acts with complete indifference to consequences." *Cohen* v. *Davies,* 305 Mass. 152, 25 N. E. (2d) 223, 129 A. L. R. 735. Cf. 38 Am. Jur., Negligence, sec. 109. The reasonable basis for the rule applicable is stated in a Wisconsin case cited by Plaintiff in Error:

"'If he wanted this furniture removed he should have proceeded in a legal manner. It is apparent from the testimony that at the time the defendant threw out the furniture and committed an assault he was angry and evidently lost his temper. He was not justified in either committing the assault or throwing out the furniture in the manner in which he did, and I am of the opinion that he is guilty.' . . . Even if the defendant were the owner, with a perfect title, he had no legal right to oust trespassers in that way. The law provides peace-

able methods for obtaining possession where wrongfully denied, and a resort to force and violence without pursuing the due course of law is seldom excused. . . . There is no warrant of law for such a course of action. It would lead to riot and bloodshed, and make every man the judge of his own property rights and the executioner of his own judgments." *State of Wis.* v. *Carroll,* 239 Wis. 625, 2 N. W. (2d) 211, 212, 141 A. L. R. 244.

■ Finally, we think the Plaintiff should have been allowed to amend his declaration in the particulars sought by the motion which he filed and which we have considered above. The reduction of the amount of damages claimed could not have prejudiced the Defendants and the amendment, rendering more specific the allegation of liability, would have clarified the issues.

The assignments of error are sustained, the judgment reversed and the case remanded.

All concur.