**SOUTHERN RAILWAY COMPANY,**
Appellant,

v.

Joseph Fred ELLIOTT and Elizabeth H.
Elliott, Appellees.

No. 13153.

United States Court of Appeals
Sixth Circuit.

Jan. 3, 1958.

Adam B. Bowman and James R. Simmonds (of Simmonds, Bowman & Herndon), Johnson City, Tenn., for appellant.

Ernest F. Smith (of Penn, Hunter, Smith & Davis), Kingsport, Tenn., Ben C. Davis, Kingsport, Tenn., on brief, for appellees.

Before MILLER and STEWART, Circuit Judges, and BOYD, District Judge.

SHACKELFORD MILLER, Jr., Circuit Judge.

This action was filed by the appellees, Joseph and Elizabeth Elliott, father and mother of Tommy Elliott, their twenty-eight months old child, against the appellant, Southern Railway Company, for damages by reason of the death of their child who was killed by a train operated by the appellant.

The complaint charged the appellant with violation of the Tennessee Railroad Precautions Act, Section 2628(4), Code of Tennessee, T.C.A. § 65–1208(4), and also common law negligence in the operation of the train causing the death of the child. The appellant by answer denied the material allegations of the complaint and also pleaded as an additional defense gross negligence on the part of the parents in leaving their child unattended which resulted in his presence on its tracks. The case was tried to a jury which returned a verdict in favor of the appellees in the amount of $7,000.00, upon which judgment was entered, followed by this appeal.

The physical facts out of which the accident arose were shown to be as follows. The accident occurred about noontime on May 7, 1955, when the little boy and his parents were visiting the father's parents in Calhoun, Tennessee, a small unincorporated village of approximately 500 population, through which the railroad ran but without a station being located there. The train was travelling eastwardly from Chattanooga, Tennessee, to Knoxville, Tennessee, at a speed of about 40 to 45 miles per hour. It consisted of 3 diesel units, 79 loaded freight cars and 11 empties. The engineer had the green light-clear signal as the train neared Calhoun. The accident occurred as the train approached the yard at Calhoun.

The home of the child's grandparents in which he was visiting faced the highway which ran parallel to the railroad tracks. The rear of the house was about 150 feet from the tracks. At the rear of the lot was an embankment about 8 feet high, with growing brush and weeds, forming a cut through which the railroad tracks ran. The lot was about 60 to 65 feet wide. The adjoining lot to the east was 100 feet wide. The embankment tapered down to a point on the easterly side of the adjoining lot, at which place there was a dirt mound from 2½ to 4 feet high and about 10 feet long, about 6 to 8 feet from the nearest rail of the tracks.

The evidence is undisputed that the little boy had been left unattended by his parents in a room on the ground floor in the house, but with the screen doors latched, and that he got out of the room by pushing away a loose screen in a window about 18 inches above the floor and climbing out the window. He was missed and a hunt started for him at about the time of the accident.

The only eye witnesses to the accident were the engineer and fireman on the train. The engineer testified that as the train approached the yard at Calhoun the little boy came out of some grass or weeds slightly east of the mound and the emergency brake was immediately applied, which was the only thing that could be done to stop the train. He estimated that the little boy was about 450 feet from the train when he first saw him. The evidence is overwhelming in support of the appellant's contention that the bell was ringing at the time and that the alarm whistle was sounded simultaneously with the application of the emergency brake. However, the little boy crawled up on the track to the middle of the rails and tried to run away from the train over a distance of about 15 feet.

The District Judge submitted the case to the jury under both the Tennessee Railroad Precautions Act and common law negligence.

■■ This Court has considered the construction and application of the Tennessee Railroad Precautions Act in a number of cases to which reference is made. Louisville & N. R. Co. v. Tucker,

6 Cir., 211 F.2d 325; 6 Cir., 215 F.2d 227; Louisville & N. R. Co. v. Farmer, 6 Cir., 220 F.2d 90; 6 Cir., 224 F.2d 599; and cases cited in those opinions. Usually the question presented has been whether under the particular facts of the case the person who was injured or killed was an "obstruction" which appeared upon the road, in which event certain duties devolved upon those operating the train. We do not have that question in this case as the evidence here clearly shows that the little boy appeared as an obstruction upon the road within the meaning of the statute. In this case it accordingly becomes necessary to consider whether the appellant performed the duties required of it by the statute. Those statutory duties are to keep (a) a person upon the locomotive "upon the lookout ahead; and when any person, animal, or other obstruction appears upon the road, the alarm whistle shall be sounded, the brakes put down, and every possible means employed to stop the train and prevent an accident." If those duties were performed in the present case, even though an accident resulted, liability is not imposed upon the railroad company under the statute. "Impossibilities are not required and the railroad will not be liable if all was done that should have been done." Louisville & N. R. Co. v. Tucker, supra, 6 Cir., 211 F.2d 325, 330. The only factual questions about which there seems to be some conflict in the evidence is with respect to the speed of the train and blowing the whistle as the train approached Calhoun before the obstruction appeared upon the tracks. These are not matters covered by the statute. Cincinnati, N. O. & T. P. R. Co. v. Brock, 132 Tenn. 477, 178 S.W. 1115. The evidence appears uncontradicted that the requirements of the statute were complied with.

We stated in Louisville & N. R. Co. v. Tucker, supra, 211 F.2d 325, 331, that whether those in charge of the train did all they could have done to avoid the injury in using the appliances on the train enumerated in the Act is *ordinarily* a question of fact for the jury in the light of all the evidence. But this does not mean that every case must be submitted to a jury. When the undisputed facts, with all reasonable inferences to be drawn therefrom, lead to the one conclusion, about which reasonable minds would not differ, that every possible means were employed to stop the train and prevent an accident *after* the obstruction appeared upon the track, the case does not present a factual issue to be submitted to the jury. In our opinion the present case is one in which the evidence necessarily results in that conclusion. We think it was error upon the part of the trial judge to submit to the jury under the evidence presented by the present record the question of appellant's liability under the Tennessee Railroad Precautions Act. Page v. Tennessee Central R. W. Co., Tenn.App., 305 S.W.2d 263.

Appellant contends that with respect to the issue of common law negligence it was also error for the District Judge to submit this question to the jury. However, in dealing with the question of common law negligence, we are not restricted, as we are under the Railroad Precautions Act, to a consideration of the specific duties prescribed by the Act. We can accordingly consider the operation of the train, including its speed and any failure to sound warning signals as the train approached the scene of the accident before the child appeared upon the tracks, in connection with the duty imposed upon it towards one who may be illegally upon the tracks.

Counsel argues that since the little boy was a trespasser the only duty resting upon appellant under the Tennessee law was not to intentionally injure him after his presence was discovered, which the evidence wholly failed to show. Anderson v. Peters, 22 Tenn.App. 563, 124 S.W.2d 717; Nashville, C. & St. L. Ry. Co. v. Lovejoy, 138 Tenn. 492, 198 S.W. 61; Yarbrough v. Potter, 185 Tenn. 696, 207 S.W.2d 588. Although that may be the usual rule with respect to tres-

passers generally, it does not appear to be the rule in Tennessee with respect to trespassers upon railroad tracks. East Tennessee, V. & G. R. Co. v. Fain, 80 Tenn. 35, 43; Chattanooga Station Co. v. Harper, 138 Tenn. 562, 579, 199 S.W. 394; Southern Railway Co. v. Cradic, Tenn.App., 301 S.W.2d 374.

Whether the appellant was negligent depends upon the degree of care owed by the appellant to the little boy under the circumstances. Appellant submitted to the District Judge several requested instructions with respect to the degree of care required of it which the District Judge declined to give, being of the opinion that his instructions already covered the point. Although the instructions requested by appellant may not have expressed the correct rule of law in Tennessee, they were sufficient to require the District Judge to charge the jury upon this question if, in his opinion, the evidence was sufficient to take the case to the jury on this issue. Apparently, the District Judge was of that opinion but, if he was correct in so ruling, about which we express no opinion at this time, we do not find in the charge to the jury any adequate statement of the degree of care required of appellants under the circumstances in this case, whatever that may be under the Tennessee law. Apparently, the District Judge was in error in thinking he had done so. In our opinion, this requires a reversal of the case upon appellee's claim of common law negligence. Ryan v. United Parcel Service, Inc., 2 Cir., 205 F.2d 362, 365; St. Louis Southwestern Ry. Co. of Texas v. Cox, Tex.Civ.App., 248 S.W. 1101; Prestonsburg Superior Oil Gas Co. v. Vance, 215 Ky. 77, 85, 284 S.W. 405, 47 A.L.R. 483.

■ Since this case must be retried we will not lengthen this opinion by a discussion of appellant's contention that the appellees were contributorily negligent in making it possible for the little boy to wander through the back yard unattended and place himself upon the railroad tracks. It was entitled to have this theory of the case including the question of proximate and remote causation, submitted to the jury. Chattanooga Station Co. v. Harper, supra, 138 Tenn. 562, 581, 199 S.W. 394. In the retrial we think this issue should be more thoroughly explained to the jury in the Court's charge than was done in the present case.

The judgment is reversed and the case remanded to the District Court for a new trial in a manner not inconsistent with the views expressed herein.