Georgia R. SUTTON, Appellant,

v.

Dr. Ed CALHOUN, Appellee.

No. 77–1322.

United States Court of Appeals,
Tenth Circuit.

Submitted Jan. 25, 1979.

Decided Feb. 26, 1979.

Robert G. Grove, Oklahoma City, Okl., for appellant.

George F. Short and John E. Wiggins, Oklahoma City, Okl., for appellee.

Before SETH, Chief Judge, and HOLLO-WAY and LOGAN, Circuit Judges.

SETH, Chief Judge.

This is a diversity action arising in Oklahoma and brought against a surgeon for malpractice. The case was tried to a jury, which returned a verdict for the defendant. The plaintiff on appeal urges error in the refusal of the court to give two requested instructions. One sought to apply the doctrine of *res ipsa loquitur*; the other related to the consequences to be attached to a statement asserted to have been made by defendant after the operation.

The plaintiff underwent an operation by defendant to have her gall bladder removed. During the course of the operation the common bile duct was either cut or damaged. The plaintiff alleged that the defendant negligently cut the duct. The basis for her contention comes from the testimony of several members of the plaintiff's family that after the operation the defendant came to them and said he had "made a mistake," that he should not have cut the common bile duct. The defendant denied making such a statement.

The testimony adduced at trial indicated that while this adjacent duct need not

be touched during an ordinary gall bladder operation, there are times when the duct is cut. This is because the structures of the gall bladder and the ducts vary somewhat from person to person. In this case the evidence was that the plaintiff's common duct was abnormally close to the gall bladder. The defendant's argument thus is that the cutting of the duct in these circumstances during the removal of the gall bladder was not a negligent act. In this context the problem arose at trial as to the statement attributed to the doctor that he had made a "mistake." Whether this statement was made or not was controverted. However, as indicated above, in view of the position of the duct in relation to the gall bladder, the defendant urges that the cutting was not negligence, and also a "mistake" in this situation was not "negligence."

The instruction requested by the plaintiff, which the court refused, would have instructed the jury that if the "mistake" statement was made it was an admission of negligence. We must hold that it was proper for the court to refuse to give the instruction. The testimony required the jury to consider all the circumstances in evaluating the statement, and would not be bound by one view of the facts.

The plaintiff cites as authority on the mistake issue *Robertson v. LaCroix*, 534 P.2d 17 (Okl.App.), but the case before us lacks two elements which were present in *Robertson*. In *Robertson*, there was expert testimony to contradict the defendant-doctor's own explanation of what transpired on the operating table. In the instant case, plaintiff's expert witness did not rebut the defendant's argument that her duct was abnormally close to her gall bladder. Also in *Robertson* the doctor's statement was deprecating. He was quoted as saying he "had racked his brain trying to figure out what he had done differently or he had done wrong, but the only thing he knew was that he just made a mistake and got over too far." This conclusion was made by the doctor based on the decision that he had cut too far. The court in *Robertson* said:

"We hold that the defendant's statement that he 'just made a mistake and got over too far' is more than a mere statement of mistaken judgment; it constituted an admission of negligence during the performance of the surgery."

In *Robertson*, the court cites with approval *Lashley v. Koerber*, M.D., 26 Cal.2d 83, 156 P.2d 441, which stated:

". . . [A]n extrajudicial statement amounting to no more than an admission of bona fide mistake of judgment or untoward result of treatment is not alone sufficient to permit the inference of breach of duty; the statement 'must be an admission of negligence or lack of the skill ordinarily required' . . ."

The trial court was here well within its discretion to conclude that the doctor's statements did not amount to an admission of negligence. The jury was thus meant to decide what was meant by the doctor's statements in the circumstances surrounding the incident and was not instructed to take but one view.

■ The plaintiff also urges a somewhat related point that it was error for the court to refuse to give an instruction on *res ipsa loquitur*, and cites *St. John's Hospital & School of Nursing v. Chapman*, 434 P.2d 160 (Okl.). The trial court refused to apply the doctrine for which there is a statutory provision in Oklahoma, 76 O.S.1976 Supp. § 21. The statute is directed to medical malpractice cases, and contains the usual *res ipsa loquitur* elements. The element which is missing in the case before us is that the injury ". . . does not ordinarily occur under the circumstances absent negligence . . ."

As the plaintiff argues in her brief, the severing of the common duct does not ordinarily occur during the removal of a gall bladder, but it does not follow that if the duct is severed it is necessarily a negligent act. The expert witness for plaintiff, Dr. Steffen, testified that he had never cut a common duct although he had performed many gall bladder operations. But again there was no direct testimony other than defendant's relating to the unusual situa-

tion encountered by the surgeon. Thus there was not sufficient evidence to submit the case under *res ipsa loquitur* to the jury. The trial court was correct in refusing plaintiff's instruction on that point. *See Chavez v. Sears, Roebuck & Co.*, 525 F.2d 827 (10th Cir.), where the standards are discussed, and *Hartman v. Miller Hydro Co.*, 499 F.2d 191 (10th Cir.).

AFFIRMED.