**Robert L. PHINNEY and Evelyn E. Phinney v. Robert K. VINSON, M.D.**

[605 A.2d 849]

No. 91-148

February 14, 1992. Plaintiffs appeal from a summary judgment entered against them in a medical malpractice action. They argue that an admission by defendant doctor was sufficient to avoid summary judgment on liability. Defendant performed a transurethral resection of the prostate upon plaintiff Robert Phinney, but recurring pain caused the need for another operation by a different doctor. Following this operation, defendant allegedly said that the second doctor told him that he had performed an "inadequate resection" and he apologized to plaintiff "for his failure to do so." Plaintiffs argue that this statement, without more, was sufficient evidence of liability to allow the case to go to trial.

The elements of medical malpractice are set out in 12 V.S.A. § 1908. Under the statute, plaintiffs must prove: (1) the requisite standard of care; (2) that defendant failed to exercise the applicable degree of care; and (3) as a proximate result of (2), plaintiffs suffered damages. *Begin v.*

*Richmond,* 150 Vt. 517, 520, 555 A.2d 363, 365 (1988). Defendant's statements, if true, are insufficient to establish an applicable standard of care or to show breach of that standard or causation. See *Utzler v. Medical Center Hosp. of Vermont,* 149 Vt. 126, 128, 540 A.2d 652, 654 (1987) (expert testimony that actions of defendant were not "appropriate" was insufficient to establish "a duty of care, deviation from that standard, and causation of injury"). The cases on which plaintiffs rely involve clear admissions of negligence. See *Woronka v. Sewall,* 320 Mass. 362, 364, 69 N.E.2d 581, 582 (1946) (defendant stated that plaintiff's injuries were caused by "negligence"); *Wooten v. Curry,* 50 Tenn. App. 549, 551–52, 362 S.W.2d 820, 822 (1961) (defendant stated that plaintiff's injuries would have been avoided "if he had checked on her as he should"). While defendant's statement may have been admissible, it was insufficient by itself to meet plaintiffs' burden under § 1908. Defendant's motion for summary judgment was properly granted.

*Affirmed.*