2011 UT App 160

STATE of Utah, Plaintiff and Appellee,

v.

Patrick Russell WARNER, Defendant and Appellant.

No. 20090826–CA.

Court of Appeals of Utah.

May 19, 2011.

Michael S. Brown and Douglas J. Thompson, Provo, for Appellant.

Mark L. Shurtleff and Jeffrey S. Gray, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and CHRISTIANSEN.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 Defendant Patrick Warner appeals his conviction for sexual abuse of a child, a second degree felony, *see* Utah Code Ann. § 76–5–404.1 (2008). On appeal, Defendant argues that the trial court abused its discretion by denying his motion for a mistrial when a witness testified that Defendant had two outstanding arrest warrants. He asks us to vacate the conviction and remand the case for a new trial. We decline to do so.

¶ 2 Prior to trial, Defendant filed a demand pursuant to rule 404(b) of the Utah Rules of Evidence for notice of any prior bad acts evidence the State intended to introduce at trial. The State did not disclose that it intended to introduce any evidence regarding outstanding warrants. Nevertheless, at Defendant's trial, Officer Todd Benson testified as follows:

I asked Mr. Warner if he would come back with me to the incident location since he matched the description of the suspect. At that time specifically I took him into custody because my dispatch had informed me that he had two warrants out for his arrest, I believe, out of Utah County.

Defendant's counsel immediately objected to Officer Benson's reference to the two outstanding warrants and asked for a mistrial, stating:

[T]he evidence is out there now that my client has warrants [and it] is going to completely destroy any credibility that he has or, you know, just is going to be overwhelming enough that even with an instruction the jury is not going to be able to disregard that.

The trial court denied the motion for mistrial, concluding that Officer Benson's disclosure of the warrants was inadvertent. The court did not give the jury a curative instruction, nor did Defendant's counsel request such an instruction. Instead, the court decided to ameliorate the problem by having Officer Benson explain that the warrants were for "minor traffic matters." The jury subsequently convicted Defendant.

¶ 3 "We will not reverse a trial court's denial of a motion for mistrial absent an abuse of discretion." *State v. Allred*, 2002 UT App 291, ¶ 9, 55 P.3d 1158 (citation and internal quotation marks omitted). Defendant argues that the trial court abused its discretion by denying his motion for mistrial based on Officer Benson's testimony about outstanding traffic warrants because the court's analysis regarding that testimony was contradictory and the court failed to give the jury a curative instruction.[1]

¶ 4 Defendant argues that the trial court contradicted itself because it acknowledged that it would have excluded Officer Benson's "inherently prejudicial" testimony regarding Defendant's outstanding traffic warrants, but it nevertheless concluded that the testimony was not sufficiently problematic to warrant a

---

1. Defendant claims that the trial court erred by failing to provide a limiting or curative instruction. The State contends that Defendant waived his right to an instruction by failing to request one. We agree with the State. After the court denied the motion for mistrial, it asked defense counsel whether she would like the court "to make a curative instruction or to move on." Thus, counsel was clearly aware that she could request an instruction, but she did not do so. Given counsel's failure to request a curative instruction when the court invited one, combined with counsel's previous statement that "even with an instruction the jury is not going to be able to disregard [the testimony about the outstanding warrants]," we conclude that Defendant waived his right to appeal the court's decision to not give a curative instruction. *See State v. Rocco*, 795 P.2d 1116, 1119 (Utah 1990) (holding that where a defendant fails to request a limiting jury instruction, he waives any right to complain).

mistrial. Of course, the court had no opportunity to rule on the admissibility of the evidence prior to trial because the State never intended to present evidence regarding the outstanding warrants. Officer Benson simply volunteered the information. And the court specifically found that disclosure of the warrants during presentation of the State's case was inadvertent. Therefore, the court's expressed position that it would have excluded the evidence pursuant to rule 403, *see* Utah R. Evid. 403, if given that opportunity prior to trial is not dispositive. The issue before us is whether the court abused its discretion by denying the motion for mistrial once Officer Benson unexpectedly disclosed the existence of the warrants.

¶ 5 We see no contradiction in the trial court's reasoning. It was not inconsistent for the court to state that the evidence was irrelevant and "inherently prejudicial"—so that it would be inadmissible under rule 403—but not so "unfairly or overwhelmingly prejudicial" that it would warrant a mistrial. *See generally Allred*, 2002 UT App 291, ¶ 20, 55 P.3d 1158 ("Unless a review of the record shows that the [trial] court's decision is plainly wrong in that the incident so likely influenced the jury that the defendant cannot be said to have had a fair trial, we will not find that the court's decision was an abuse of discretion.") (alteration in original) (citation and internal quotation marks omitted). *See also Woods v. Zeluff*, 2007 UT App 84, ¶ 7, 158 P.3d 552 (stating that, in the context of rule 403, it is not the existence of prejudice but the danger of *unfair* prejudice that determines admissibility).

¶ 6 Defendant also cites studies showing that juries place great value on evidence of prior bad acts and that evidence of a defendant's criminal record increases the likelihood of conviction. *See* Abraham P. Ordover, *Balancing the Presumptions of Guilt and Innocence: Rules 404(b), 608(b) and 609(a)*, 38 Emory L.J. 135, 177 (1989) ("[T]he

2. Other courts have reached the same conclusion regarding minor traffic offenses. *See, e.g., People v. McDonald*, No. F036262, 2001 WL 1338430, at *3, 2001 Cal.App. LEXIS 2119, at *8 (Cal.Ct.App. Oct. 30, 2001) ("[W]e fail to see how the reference to a traffic warrant was prejudicial to [the defendant]. Not responding to a traffic citation

presentation of the defendant's criminal record does not affect the defendant's credibility, but does increase the likelihood of conviction, and . . . the judge's limiting instructions do not appear to correct that error.") (citation and internal quotation marks omitted). While this is no doubt true in general, we do not believe that the revelation that Defendant had been charged with minor traffic matters constitutes the sort of "explosive evidence" of which these empirical studies warn.[2] *See id.* at 179 (stating that the United States Supreme Court has recognized that jurors cannot disregard "explosive evidence" simply because the trial court admonishes them to do so). And the trial court was quick to have Officer Benson inform the jury that the warrants to which he referred concerned only minor traffic matters.

■ ¶ 7 "Unless a review of the record shows that the [trial] court's decision is plainly wrong in that the incident so likely influenced the jury that the defendant cannot be said to have had a fair trial, we will not find that the court's decision was an abuse of discretion." *Allred*, 2002 UT App 291, ¶ 20, 55 P.3d 1158 (alteration in original) (citation and internal quotation marks omitted). We are not persuaded that the testimony about the outstanding warrants for minor traffic matters impaired Defendant's credibility or influenced the jury to the extent that he did not have a fair trial. In a close case—which this is not—a jury might well be more likely to convict a defendant of a sexual offense if it learns he has a history of prior sexual or other serious offenses, or if he otherwise appears to be "a bad apple." But a jury is not more likely to convict a defendant of a serious sexual offense upon learning he is a bad driver or even, to employ Defendant's counsel's characterization during oral argument, upon learning he has been irresponsible in taking care of his traffic tickets.

¶ 8 Affirmed.

is hardly an example of serious criminality. It is doubtful the average juror would be prejudiced against [the defendant] simply because there was an outstanding warrant for a traffic offense. A traffic offense is not equivalent to a felony conviction.").

¶ 9 WE CONCUR: WILLIAM A. THORNE JR. and MICHELE M. CHRISTIANSEN, Judges.