Argued and submitted May 27, reversed and remanded July 22, reconsideration denied September 30, petition for review denied October 27, 1992 (314 Or 574)

Gloria J. WROTEN,
*Appellant,*

*v.*

Reuben LENSKE,
*Respondent.*

(A9010-06232; CA A69994)

835 P2d 931

Gary Roberts, Portland, argued the cause for appellant. With him on the briefs was Schwabe, Williamson & Wyatt, Portland.

Donald C. Walker, Portland, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff appeals from a judgment on a directed verdict for defendant in this claim for wrongful initiation of a civil proceeding. We reverse.

Defendant is the principal owner of the company that held a vendor's interest in plaintiff's mother's home. In 1988, defendant advised plaintiff's mother that he intended to foreclose for default on the contract. Plaintiff's mother asked plaintiff to help her in dealing with the foreclosure. Plaintiff, who lives in California, attempted several times to contact defendant by telephone to verify the information concerning the default. She spoke with defendant's staff numerous times and spoke with defendant once. He told her that the information had been sent to her but had been returned because it had gone to an incorrect address. There was no evidence that defendant had, in fact, sent the information to plaintiff. On August 22, when plaintiff still had not received the requested information, she wrote defendant a letter in which she asserted that defendant's "ethics are illegal and/or incompetent" and that "when I talk to you directly, you lie." The letter showed that a copy had been sent to the Oregon State Bar, the Oregon Attorney General and plaintiff's brother. Defendant finally sent the information that plaintiff was seeking, on September 28.

On the basis of the letter, defendant filed an action against plaintiff, asserting that the two statements quoted above were libelous. Plaintiff's attorney wrote to defendant, telling him that the letter had not in fact been sent to the Attorney General or the Bar and asking that defendant dismiss the complaint. Defendant refused to dismiss and did not investigate whether the letter had gone to the Attorney General or to the Bar, because, according to defendant, he "didn't care to waste [his] time investigating whether the letter had been published." The complaint was dismissed later for failure to comply with a court order regarding mandatory arbitration.

After dismissal of that action, plaintiff filed this action, asserting that defendant's action was wrongful. The trial court granted defendant's motion for a directed verdict

at the close of plaintiff's case and awarded him attorney fees pursuant to ORS 20.105(1).

■ ■ In reviewing a directed verdict, we examine the evidence in the light most favorable to the plaintiff to determine whether there was any evidence sufficient to warrant submission of the case to the jury. *Maine Bonding v. Centennial Ins. Co.*, 298 Or 514, 523, 693 P2d 1296 (1985). The elements of plaintiff's action are:

"(1) The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;

"(2) The termination of the proceeding in the plaintiff's favor;

"(3) The absence of probable cause to prosecute the action;

"(4) The existence of malice or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and

"(5) Damages." *Alvarez v. Retail Credit Ass'n*, 234 Or 255, 259, 381 P2d 499 (1963). (Citations omitted.)

There is no question but that defendant commenced and prosecuted a judicial proceeding against plaintiff. Its dismissal because of defendant's refusal to participate in mandatory arbitration was a termination of the proceeding in plaintiff's favor.

Defendant does not expand on his assertion that there is "[n]o evidence of malice by defendant." In the light of his testimony that his motive in filing the action was to teach plaintiff a lesson, as well as the evidence that we will discuss regarding probable cause to prosecute the action, including that defendant did not investigate whether the letter had been published because he did not care to waste his time, we conclude that a jury could find that defendant commenced and prosecuted the action for a primary purpose other than securing an adjudication of the claim. *See Lambert v. Sears, Roebuck*, 280 Or 123, 134, 570 P2d 357 (1977); *Restatement (Second) Torts* § 676, *comment c* (1977). As to proof of damages, plaintiff submitted evidence of the expenses of litigating defendant's action, including her attorney fees, and testified that, for a half year, she suffered loss of sleep, worry

and stress as a result of the lawsuit. That is enough to warrant submission of damages to the jury.

■ The heart of this dispute relates to whether there was probable cause for defendant to prosecute the libel action. Although probable cause is ordinarily a question of law for the court, when there is a dispute as to the material facts, the dispute must be submitted to the jury with instructions as to what would and would not constitute probable cause. *Lambert v. Sears, Roebuck, supra*, 280 Or at 128. Defendant asserts that calling him a liar is libelous *per se*. Nonetheless, a statement has to have been false *and* to have been published in order to be actionable. Further, even if the statements in plaintiff's letter to defendant were not true, there is evidence that *continuation* of the action was without probable cause. Once plaintiff's counsel wrote to defendant and informed him that plaintiff's letter had not been published,[1] a question was raised whether a reasonable person would have investigated to verify the accuracy of that statement. Defendant testified that he did not make any attempt to verify that there had been a publication after he received counsel's letter, because he did not care to waste his time. Without there having been a publication, defendant had no claim for libel. There is an issue of fact regarding whether defendant should have investigated before continuing with the action. *See Lampos v. Bazar, Inc.*, 270 Or 256, 268, 527 P2d 376 (1974); *see also Restatement (Second) Torts* § 674, *comment c* (1977).

Because there was evidence from which the jury could find for plaintiff, the directed verdict was error. It follows that the award of attorney fees to defendant pursuant to ORS 20.105(1) was also error.

■ Plaintiff also assigns error to the court's exclusion of testimony about defendant's Oregon State Bar and Oregon Supreme Court history. The trial court concluded that the evidence had little probative value and that its prejudicial effect would outweigh any probative value that it had. The evidence was between 15 and 20 years old and was not related

---

[1] The letter apparently was sent to plaintiff's brother. At trial, plaintiff argued that that publication was privileged. *See Restatement (Second) Torts* § 597 (1977). Defendant does not rely on that publication to support his assertion that he had probable cause to continue the action after he was told that the letter had not been sent to either the Attorney General or the Oregon State Bar.

in any way to plaintiff, plaintiff's mother or the land sale contract. The court did not abuse its discretion in excluding it.

Reversed and remanded.