Justice ERVIN
concurring, in part, and concurring in the result, in part.
Although I concur in the Court’s decision with respect to plaintiff’s intentional infliction of emotional distress claim and in the Court’s determination that plaintiff has failed to sufficiently state a malicious prosecution claim in his complaint, I am unable to agree with the logic that the Court has employed in upholding the dismissal of plaintiff’s malicious *430 prosecution claim. As a result, I concur in the Court’s opinion, in part, and concur in the result reached by the Court, in part.
In determining that plaintiff’s complaint fails to state a malicious prosecution claim, the Court begins by stating that “[w]hether or not probable cause exists is determined at the time prosecution begins.”[1] After noting that “plaintiff’s suit focuses on actions defendants took after the grand jury returned indictments against him” and stating that, “to determine whether probable cause existed, we must consider the evidence that was available to the investigators and presented to the grand jury in December 2007,” the Court points out that the fact that the Davie County grand jury returned a bill of indictment charging plaintiff -with first-degree murder in connection with the death of his wife “established prima facie the existence of probable cause.” In addition, after acknowledging that plaintiff has alleged “that defendants failed to investigate the incident properly and generated incorrect and inaccurate information for presentation to the grand jury,” the Court notes that “the critical actions complained of took place after the indictment was returned” and holds that, “[bjased on the facts known to the investigators at the time of the grand juiy proceedings,” “a reasonable and prudent person would believe there was probable cause sufficient to prosecute plaintiff for first-degree murder.”
The Court’s focus upon the necessity for plaintiff to establish the absence of probable cause at the time that criminal charges were initially lodged against him takes an unduly narrow view of the scope of the malicious prosecution claim that plaintiff has attempted to assert in his complaint. Simply put, the Court reads plaintiff’s malicious prosecution claim as being focused entirely upon the fact that he was indicted for murdering his wife. I do not, however, believe that plaintiff’s claim is limited in the manner described by the Court.[2] A significant component *431 of plaintiffs allegations against defendants[3] consists of a description of their conduct in concocting and performing a supplemental blood smear “test” for the purpose of producing results that validated the State’s decision to proceed against plaintiff. According to plaintiffs complaint, “ [t]his evidence was crucial to maintain probable cause for a first-degree murder charge,” with the underlying “test” having been conducted in order “to maintain the appearance of probable cause where none existed.” In addition, plaintiff has alleged that both defendants should be found liable to plaintiff for malicious prosecution on the grounds that they “participated in and caused the institution of criminal proceedings against” plaintiff, with their misconduct having included, among other things, a failure “to properly investigate the circumstances of’ the death of plaintiffs wife and plaintiffs “claim of self-defense”; the inclusion of “false and misleading information in investigative reports”; and a failure to “remain fair, neutral and truthful prior to and after the institution of criminal proceedings against” plaintiff. As a result, I am inclined to believe that plaintiff seeks to obtain a malicious prosecution recovery from defendants based upon claims that criminal charges were both initially instituted against him and continued against him without probable cause and cannot, for that reason, agree with the Court’s decision to limit its analysis to a determination of the sufficiency of the allegations that defendants participated in the institution of criminal charges against plaintiff despite the absence of probable cause to believe that he was guilty of the offense with which he was charged and conclude, for that reason, that we must evaluate the validity of plaintiff’s effort to plead a “continuation” claim in order to fully resolve the issues that have been properly presented for our consideration in this case.
“To make out a case of malicious prosecution [based upon a prior criminal prosecution,] the plaintiff must allege and prove that the defendant instituted, or procured, or participated in, a criminal prosecution against him maliciously, without probable cause, which ended in *432 failure.” Cook v. Lanier, 267 N.C. 166, 169, 147 S.E.2d 910, 913 (1966) (citing Greer v. Skyway Broad. Co., 256 N.C. 382, 124 S.E.2d 98 (1962); Carson v. Doggett, 231 N.C. 629, 58 S.E.2d 609 (1950); and Dickerson v. Atl. Ref. Co., 201 N.C. 90, 159 S.E. 446 (1931)). Consistently with this Court’s reference to the possibility of malicious prosecution liability for “participation” in a wrong prosecution, a divided panel of the Court of Appeals upheld the sufficiency of the evidence to support a trial court judgment awarding the plaintiff $12,500 in damages in a malicious prosecution case in which the defendant continued to pursue a criminal citation charging the plaintiff with shoplifting several packs of cigarettes despite the fact that the plaintiff, on the day after the issuance of the shoplifting citation, presented the defendant with a receipt indicating that he had purchased the cigarettes that he had been charged with concealing. Allison v. Food Lion, Inc., 84 N.C. App. 251, 252-55, 352 S.E.2d 256, 256-58 (1987). Although then-Judge Parker dissented from the court’s decision on the grounds that, “[a]t the critical time, i.e., the moment at which [the] plaintiff was apprehended in [the] defendant’s store, the undisputed evidence” tended to support a determination that the plaintiff had shoplifted the cigarettes in question, id. at 256, 352 S.E.2d at 258 (Parker, J., dissenting), and that “[t]he pertinent inquiry is not whether [the] defendant’s store manager should have believed [the] plaintiff, but rather whether under the circumstances existing at the time the criminal action was instituted, the store manager acted as a person of reasonable prudence in concluding that the crime charged had been committed,” id. at 256, 352 S.E.2d at 259, this Court was apparently never asked to examine the correctness of the majority’s decision. As a result, the Court of Appeals’ determination that a malicious prosecution action could properly be maintained in the event that the plaintiff demonstrated, based upon events occurring after the institution of the 'underlying criminal case, that the defendant persisted in pursuing a prosecution that had become groundless, has been an established and unquestioned part of North Carolina malicious prosecution jurisprudence since 1987.[4] See 2 N.C.P.I. - Civ. 801.00 (gen. civ. vol. June 2014) (“Malicious Prosecution-Criminal Proceeding”), at 1 & n.2 (allowing a finding of liability in the event that the jury determines, among other things, that *433 the defendant “[caused a criminal proceeding to be continued] against the plaintiff without probable cause” (citing Allison, 84 N.C. App. at 254, 352 S.E.2d at 257) (majority opinion)));[5] see also Charles E. Day & Mark W. Morris, North Carolina Law of Torts § 9.40, at 105 (3d ed. 2012) (stating that, in light of Allison, “it can be suggested that a continuation of prosecution after probable cause is known not to exist may be a basis for a malicious prosecution action, notwithstanding that probable cause might have existed when the prosecution was initiated”); 1 William S. Haynes, North Carolina Tort Law § 14-3(A), at 513-14 (1989) (stating that “[t]he gist of an action for malicious prosecution is the wrongful initiation, encouragement or continuation, of a prior valid process or proceeding” (citation omitted), and that “[a] defendant may also be found liable for the tort of malicious prosecution, notwithstanding the fact that he initially had probable cause to instigate a criminal prosecution, if he afterwards secures knowledge that the charge is not well founded and thereafter fails to intervene for the purpose of having the criminal prosecution discontinued or to do all that is reasonably possible to do to sever his connection with the prosecution”).
Aside from the well-established nature of the “continuation” theory for purposes of North Carolina law, the logic underlying that theory has been consistently recognized by leading encyclopedias and treatises addressing American tort law. See Restatement (Second) of Torts § 655 (Am. Law. Inst. 1977) (stating that “[a] private person who takes an active part in continuing or procuring the continuation of criminal proceedings initiated by himself or by another is subject to the same liability for malicious prosecution as if he had then initiated the proceedings”); id. § 655 cmt. b (pointing out that “[t]he rule stated in this Section applies when the defendant has himself initiated criminal proceedings against another or procured their institution, upon probable cause and for a proper purpose, and thereafter takes an active part in pressing the proceedings after he has discovered that there is no probable cause for them,” and “applies also when the proceedings are initiated by a third person, and the defendant, knowing that there is no probable cause for them, thereafter takes an active part in procuring their continuation”); 52 Am. Jur. 2d Malicious Prosecution § 21, at 207-08 (2011) (stating that a malicious prosecution action can be maintained in the event that “the *434 defendant instigated or encouraged, commenced or continued, initiated or procured, or caused or assisted in causing the prosecution complained of, or advised, aided, cooperated, or assisted in the prosecution of the case” and that “[a] person who had no part in the commencement of the action, but who participated in it at a later time, may be held hable for malicious prosecution” (footnotes omitted)); id. § 26, at 211-12 (stating that “[a] person who plays an active role in continuing an unfounded criminal proceeding is liable for malicious prosecution, and even if there was probable cause for the commencement of an action, if the person afterwards acquires the means of asserting the charge was not well founded, his or her failure to intervene and have the prosecution discontinued or to sever his or her connection with it subjects that person to malicious prosecution liability” (footnotes omitted)); id. § 54, at 236 (stating that, although “the critical time” in some jurisdictions “for determining whether probable cause existed... is when the prosecution was initiated or began,” in other jurisdictions, “liability for malicious prosecution may arise, even though the lawsuit was commenced with probable cause, if the suit is prosecuted after it later appears there is no probable cause” (citations omitted)); 54 C.J.S. Malicious Prosecution § 13, at747 (2010) (stating that “[a] cause of action for malicious prosecution is not limited to the situation where the present defendant initiated the prior proceeding, and one who plays an active role in continuing an unfounded criminal proceeding when otherwise it would have been terminated may be hable for malicious prosecution” (footnotes omitted)); id. § 18, at 751 (stating that, even if “the defendant is granted immunity for complying with a statute governing disclosure of information to a prosecutorial officer, the defendant may nevertheless be liable for malicious prosecution where he or she fails to request termination of the proceeding after learning facts regarding [the] accused’s innocence subsequent to swearing out a complaint leading to the accused’s arrest” (citation omitted)); id. § 29, at 762 (stating that “[continuation of a prosecution in the face of facts that undermine probable cause can support a malicious prosecution claim” (citation omitted)); 3 Dan B. Dobbs, Paul T. Hayden & Ellen M. Bublick, The Law of Torts § 587, at 389 (2d ed. 2011) (stating that “[m]a!icious prosecution can be established only if [ ] the defendant has instigated or continued to pursue a criminal proceeding”); id. § 588, at 396 (stating that, “[wjhen liability is based upon continuance rather than initiation of the prosecution, probable cause must be judged on appearances at the time the accuser acts to continue the prosecution, as where he refuses to withdraw his complaint even after he has learned of the accused’s innocence” (citation omitted)); 1 Fowler V. Harper et al., Harper, James and Gray on Torts § 4.3, at 467-68 (3d ed. *435 2006) (stating that “continuing to prosecute [criminal] proceedings maliciously after learning of their groundless nature will result in liability, although they had been begun in good faith and with probable cause,” since “it is as much a wrong against the victim, and as socially or morally unjustifiable to take an active part in a prosecution after knowledge that there is no factual foundation for it, as to instigate such proceedings in the first place” (citations omitted)); id. § 4.5, at 481 (stating that “only facts known at the time the defendant initiated the prosecution or wrongfully continued an action are pertinent” in the probable cause determination (citations omitted)); W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 119, at 872 (5th ed. 1984) (stating that “[t]he defendant may be liable either for initiating or for continuing a criminal prosecution without probable cause” (footnote omitted)).[6] As a result, a wide variety of recognized secondary authorities in the field of tort law uphold the validity of the “continuation” theory adopted in Allison.
An analysis of the reported decisions concerning this issue clearly indicates that the vast majority of American jurisdictions that have considered the viability of the “continuation” theory have recognized its existence. As the Supreme Court of California stated in Zamos v. Stroud, 32 Cal. 4th 958, 87 P.3d 802 (2004), “the rule in every other state that ha[d] addressed the question [at the time the Supreme Court of California rendered its decision was], and in many states has long been, that the tort of malicious prosecution does include continuing to prosecute a lawsuit discovered to lack probable cause,” id. at 966, 87 P.3d at 807, that “[t]he Restatement’s position on this question has been adopted or was anticipated by the courts of a substantial number of states,” id. at 967,87 P.3d at 808 (citations omitted), and that the defendants had not presented, nor had the Court as of that point found, “a single state that has declined to adopt the Restatement’s view in this regard,” id. at 967, 87 P.3d at 808. The states noted in Zamos include Alabama, Laney v. Glidden Co., 239 Ala. 396, 399, 194 So. 849, 851 (1940) (stating that “[a] suit for malicious prosecution may lie, not only for the commencement of the original proceeding, but for its continuance as well” (citations omitted)); Arizona, Smith v. Lucia, 173 Ariz. 290, 294, 295, 842 P.2d 1303, *436 1307, 1308 (Ct. App. 1992) (defining the tort of malicious prosecution without making any reference to the continuation rule, noting that “comment c to Restatement [Second of Torts] section 674 recognizes that an attorney who has properly commenced a civil action may be liable for continuing it without probable cause” and stating that “that rule is not applicable here” for the reasons stated in the court’s opinion); Arkansas, Harold McLaughlin Reliable Truck Brokers, Inc. v. Cox, 324 Ark. 361, 368, 922 S.W.2d 327, 331 (1996) (stating that “the essential elements of malicious prosecution are: ‘(1) [a] proceeding instituted or continued by the defendant against the plaintiff[;] (2) [termination of the proceeding in favor of the plaintiff[;] (3) [a]bsence of probable cause for the proceedings^] (4) [mjalice on the part of the defendant^] (5) [d]amages’ ” (alterations in original) (quoting Farm Serv. Coop. v. Goshen Farms, 267 Ark. 324, 331-32, 590 S.W.2d 861, 865 (1979))); Colorado, Slee v. Simpson, 91 Colo. 461, 465, 15 P.2d 1084, 1085 (1932) (stating that “one of the essential elements of a malicious prosecution is the commencement or continuance of an original criminal or civil judicial proceeding” (citations omitted)); Idaho, Badell v. Beeks, 115 Idaho 101, 102-04, 765 P.2d 126, 127-29 (1988) (defining the tort of malicious prosecution without making any reference to the continuation rule, noting that “the Restatement [Second of Torts] speaks in terms of initiating or continuing the proceeding” and “affirming] the trial court’s ruling that [the defendant] possessed probable cause, as a matter of law, to initiate and carry forward the malpractice action against” the plaintiff (citation omitted)); Iowa, Wilson v. Hayes, 464 N.W.2d 250, 259-61, 264 (Iowa 1990) (defining the tort of malicious prosecution without making any reference to the continuation rule, and stating that, “[t]o subject a person to liability for wrongful civil proceedings, the proceedings must have been initiated or continued primarily for a purpose other than that of securing the proper adjudication of the claim on which they are based” (quoting Restatement (Second) of Torts § 676); that “under the Restatement rule as expressed in comment d [to section 674], an attorney would only be liable if the attorney knowingly initiated or continued a suit for a'clearly improper purpose”; and that “[e]ven though a lawsuit is commenced with probable cause, if the suit is prosecuted after it later appears there is in fact no probable cause, liability may arise” (citation omitted)); Kansas, Nelson v. Miller, 227 Kan. 271, 276, 607 P.2d 438, 443 (1980) (stating that “[t]o maintain an action for malicious prosecution of a civil action the plaintiff must prove,” among other things, “[t]hat the defendant initiated, continued, or procured civil [proceedings] against the plaintiff,” with it being “sufficient if it is shown that the defendant continued or procured the filing of the action” on the grounds that “[a] *437 person may also be held liable for the wrongful continuance of the original proceeding” (citations omitted)); Mississippi, Benjamin v. Hooper Elec. Supply Co., 568 So. 2d 1182, 1188, 1189 n.6 (Miss. 1990) (stating that the tort of malicious prosecution requires proof, among other things, of the “institution [or continuation] of a criminal proceeding” since, “[w]ithout doubt, it is as much a wrong against the victim and as socially or morally unjustifiable to take an active part in a prosecution after knowledge that there is no factual foundation for it, as to instigate such proceedings in the first place” (first alteration in original) (citations omitted)); New York, Broughton v. State, 37 N.Y.2d 451, 457, 335 N.E.2d 310, 314, 373 N.Y.S.2d 87, 94 (stating that “[t]he elements of the tort of malicious prosecution” include “the commencement or continuation of a criminal proceeding by the defendant against the plaintiff’ (citation omitted)), cert. denied, 423 U.S. 929, 46 L. Ed. 2d 257 (1975); Ohio, Siegel v. O.M. Scott & Sons Co., 73 Ohio App. 347, 351, 56 N.E.2d 345, 346-47 (1943) (stating that “[t]he general rule is that to maintain an action for malicious prosecution,” the plaintiff must show, among other things, “[t]he institution or continuation of original judicial proceedings, either civil or criminal,” with “the continuation of an original judicial proceeding ... after acquiring means of ascertaining that the charge is not well founded” being sufficient to support a finding of liability (citations omitted)); Oregon, Wroten v. Lenske, 114 Or. App. 305, 308-09, 835 P.2d 931, 933-34 (defining the tort of malicious prosecution without making any reference to the continuation rule and holding that the trial court had erred by directing a verdict in favor of the defendant on the grounds that “there is evidence that continuation of the action was without probable cause” given that, after “plaintiffs counsel wrote to defendant and informed him that plaintiffs letter had not been published, a question was raised whether a reasonable person would have investigated to verify the accuracy of that statement” (footnote omitted) and that “[t]here is an issue of fact regarding whether defendant should have investigated before continuing with the action” (citing Lampos v. Bazar, Inc., 270 Or. 256, 268, 527 P.2d 376, 381-82 (1974) (enbanc), and Restatement (Second) of Torts § 674 cmt. c (1977))), rev. denied, 314 Or. 574, 840 P.2d 1296 (1992); Pennsylvania, Wenger v. Phillips, 195 Pa. 214, 219, 45 A. 927, 927 (Pa. 1900) (stating that the fact “[t]hat the binding over was after the prosecution was barred by the statute of limitations did not make the defendant liable unless it appeared that he had persisted in the prosecution after he knew it was barred”); and Washington, Banks v. Nordstrom, Inc., 57 Wash. App. 251, 255, 787 P.2d 953, 956 (stating that “to maintain an action for malicious prosecution, the plaintiff must establish,” among other things, “ ‘that the prosecution claimed to have *438 been malicious was instituted or continued by the defendant’ ” (quoting Peasley v. Puget Sound Tug & Barge Co. 13 Wash. 2d 485, 497, 125 P.2d 681, 687 (1942))), rev. denied, 115 Wash. 2d 1008, 797 P.2d 511 (1990). In addition to the decisions from the thirteen states referenced in Zamos, the continuation rule also appears to have been recognized in Alaska, Greywolf v. Carroll, 151 P.3d 1234, 1241 (Alaska 2007) (stating that “[t]he following elements are required to maintain a cause of action for the tort of malicious prosecution” and include, but are not limited to, “ ‘a criminal proceeding instituted or continued by the defendant against the plaintiff ” (citations omitted)); Florida, Fischer v. Debrincat, 169 So. 3d 1204, 1206 (Fla. Dist. Ct. App. 2015) (stating that “[t]o prevail in a malicious prosecution action, a plaintiff must establish, ” among other things, that “ ‘an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued’ ” (quoting Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1355 (Fla. 1994)));[7] Georgia, Horne v. J.H. Harvey Co., 274 Ga. App. 444, 446, 448, 617 S.E.2d 648, 650, 652 (2005) (defining the tort of malicious prosecution without making any reference to the continuation rule, stating that “even if a defendant has probable cause to initiate a criminal proceeding, if afterward, the defendant ‘acquired knowledge, or the reasonable means of knowledge, that the charge was not well founded, his continuation of the prosecution is evidence of the want of probable cause, requiring that the question be submitted to the jury’ ” (quoting Fuller v. Jennings, 213 Ga. App. 773, 776-77, 445 S.E.2d 796, 799, cert. denied, Ga. LEXIS 1114 (Ga. Oct. 17, 1994)), and holding that while the defendant “could have formed a reasonable belief that probable cause existed to initiate the prosecution ... an issue arises as to whether [the defendant] could reasonably believe that probable cause existed to pursue the prosecution”); Hawaii, Arquette v. State, 128 Haw. 423, 433, 290 P.3d 493, 503 (2012) (holding that “the tort of the continuation of a malicious prosecution is not an unwarranted enlargement of the current doctrine but, rather, logically stems from the policies underlying the tort”); Illinois, Grundhoefer v. Sorin, 2014 IL App (1st) 131276, ¶ 11, 20 N.E.3d 775, 780 (2014) (stating that “[t]he elements of a cause of action for malicious prosecution” include “the commencement or continuance by the defendant of an original judicial proceeding against the plaintiff’ (citing Miller v. Rosenberg, 196 Ill. 2d 50, 58, 749 N.E.2d 946, 952 (2001))); Maine, Trask v. Devlin, 2002 ME 10, ¶ 11, 788 A.2d 179, 182 (2002) (stating that “[t]o prevail in a malicious prosecution action, a plaintiff must prove, by a preponderance *439 of the evidence, that,” among other things, “[t]he defendant initiated, procured or continued a criminal action without probable cause” (citations omitted)); Maryland, Safeway Stores, Inc. v. Barrack, 210 Md. 168, 173, 122 A.2d 457, 460 (1956) (stating that “[t]he necessary elements of a case for malicious prosecution of a criminal charge are well established” and include, among other things, that there was “a criminal proceeding instituted or continued by the defendant against the plaintiff’ (citations omitted)), abrogated on other grounds by Montgomery Ward v. Wilson, 339 Md. 701, 732-36, 664 A.2d 916, 931-33 (1995); Michigan, Fort Wayne Mortg. Co. v. Carletos, 95 Mich. App. 752, 757, 291 N.W.2d 193, 195 (1980) (stating that “[t]he elements of malicious prosecution are,” among other things, “ ‘a criminal proceeding instituted or continued by the defendant against the plaintiff’ ” (quoting Wilson v. Yono, 65 Mich. App. 441, 443, 237 N.W.2d 494, 496 (1975))); Montana, Plouffe v. Mont. Dep’t of Pub. Health & Human Servs., 2002 MT 64, ¶ 16, 309 Mont. 184, 190, 45 P.3d 10, 14 (2002) (stating that, “[i]n a civil action for malicious prosecution, the plaintiff’s burden at trial is to introduce proof sufficient to allow reasonable jurors to find each of the six following elements,” including that “a judicial proceeding was commenced and prosecuted against the plaintiff’ and that “the defendant was responsible for instigating, prosecuting or continuing such proceeding” (citations omitted)); Nebraska, McKinney v. Okoye, 287 Neb. 261, 271-72, 842 N.W.2d 581, 591 (2014) (stating that “[i]n a malicious prosecution case, the conjunctive elements for the plaintiff to establish” include, among other things, “the commencement or prosecution of the proceeding against the plaintiff’ (citation omitted)); Nevada, LaMantia v. Redisi, 118 Nev. 27, 30, 38 P.3d 877, 879-80 (2002) (stating that “[a] malicious prosecution claim requires that the defendant initiated, procured the institution of, or actively participated in the continuation of a criminal proceeding against the plaintiff” (citations omitted)); New Jersey, LoBiondo v. Schwartz, 199 N.J. 62, 89, 90, 970 A.2d 1007, 1022 (2009) (stating that “[m]alicious prosecution provides a remedy for harm caused by the institution or continuation of a criminal action that is baseless” before stating the elements of the tort without mentioning the continuation rule (citation omitted));[8] North Dakota, Richmond v. Haney, 480 N.W.2d 751, 755 (N.D. 1992) (stating *440 that “[i]n order to maintain an action for malicious prosecution one must establish,” among other things, that “ ‘[a] criminal proceeding [was] instituted or continued by the defendant against the plaintiff’ ” (quoting W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 119, at 871 (5th ed. 1984))); Oklahoma, Empire Oil & Ref. Co. v. Williams, 1938 OK 654, ¶ 5, 184 Okla. 172, 173, 86 P.2d 291, 292 (1938) (stating that “[t]he essential elements in a cause of action for malicious prosecution” include, but are not limited to, “[t]he commencement or continuance of an original criminal or civil proceeding” (citing Sawyer v. Shick, 1911 OK 475, ¶ 4, 30 Okla. 353, 354, 120 P. 581, 582 (1911)));[9] South Carolina, Eaves v. Broad River Elec. Coop., 277 S.C. 475, 477, 289 S.E.2d 414, 415 (1982) (stating that “[t]o maintain an action for malicious prosecution, a plaintiff must establish,” among other things, “the institution or continuation of original judicial proceedings ... by or at the instance of the defendant” (citation omitted)); Tennessee, Pera v. Kroger Co., 674 S. W.2d 715, 722 (Term. 1984) (stating that “[i]t is well settled in the law of torts that even though one has probable cause to initiate criminal charges, there can be liability for the malicious continuation of a criminal proceeding”);[10] Texas, Tex. Beef Cattle Co. v. Green, 921 S.W.2d 203, *441 207 (Tex. 1996) (stating that “[t]o prevail in a suit alleging malicious prosecution of a civil claim, the plaintiff must establish,” among other things, “the institution or continuation of civil proceedings against the plaintiff’ (citation omitted));[11] Utah, Cline v. State, 2005 UT App 498, ¶ 30, 142 P.3d 127, 137 (2005) (stating that the first element of a malicious prosecution claim “requires a plaintiff to establish that there is ‘ [a] criminal proceeding instituted or continued by the defendant against the plaintiff ” (alteration in original) (quoting Amica Mut. Ins. Co. v. Schettler, 768 P.2d 950, 959 (Utah Ct. App. 1989)), cert. denied, 133 P.3d 437 (Utah 2006);[12] Wisconsin, Elmer v. Chicago & Nw. Ry. Co., 257 Wis. 228, 231, 43 N.W.2d 244, 246 (1950) (stating that “[t]he six essential elements in an action for malicious prosecution” include, but are not limited to, “a prior institution or continuation of some regular judicial proceedings against the plaintiff’ (citations omitted)); and Wyoming, Toltec Watershed Improvement Dist. v. Johnston, 717 P.2d 808, 811 (Wyo. 1986) (stating that “the following elements [are] necessary to sustain a cause of action for malicious prosecution,” including “ ‘[t]he institution or continuation of original judicial proceedings, either criminal or civil’ ” (quoting Consumers Filling Station Co. v. Durante, 79 Wyo. 237, 248, 333 P.2d 691, 694 (1958))). Admittedly, a number of states have defined the tort of malicious prosecution without making reference to the continuation doctrine. See Bhatia v. Debek, 287 Conn. 397, 404, 948 A.2d 1009, 1017 (2008);[13] Crosson v. Berry, 829 N.E.2d 184, 189 (Ind. Ct. App. 2005); Williamson v. Gueuntzel, 584 N.W.2d 20, 23 (Minn. Ct. App. 1998); DeVaney v. Thriftway Mktg. Corp., 1998-NMSC-001, ¶ 17, 124 N.M. 512, 518, 953 P.2d 277, 283 (1997), overruled in part by Durham v. Guest, 2009-NMSC-007, ¶ 29, 145 N.M. 694, 701, 204 P.3d 19, 26 *442 (2009);[14] Henshaw v. Doherty, 881 A.2d 909, 915 (R.I.2005); Czechorowski v. State, 2005 VT 40, ¶ 30, 178 Vt. 524, 533, 872 A.2d 883, 895 (2005); Hudson v. Lanier, 255 Va. 330, 333, 497 S.E.2d 471, 473 (1998); Norfolk S. Ry. Co. v. Higginbotham, 228 W. Va. 522, 526-27, 721 S.E.2d 541, 545-46 (2011). However, I am not convinced that the failure of these decisions to mention the continuation rule in the course of defining the tort of malicious prosecution necessarily means that the courts in question would refuse to recognize the continuation rule in the event that the issue of its viability was squarely presented to them, as is evidenced by the fact that the continuation rule was recognized in Smith, 173 Ariz. at 294-95, 842 P.2d at 1308; Badell, 115 Idaho at 102-04, 765 P.2d at 127-29; Wilson, 464 N.W.2d at 259-64; and Wroten, 114 Or. App. at 308-09, 835 P.2d at 933-34, despite the fact that the tort of malicious prosecution was defined in each of those cases without making any reference to the continuation rule and the fact that two other courts have refused to decide whether to accept or reject the continuation rule given the absence of any need to do so in order to resolve the case under consideration, Maynard v. 84 Lumber Co., 657 N.E.2d 406, 408 (Ind. Ct. App. 1995); Williamson, 584 N.W.2d at 24-25[15] As far as I have been able to *443 determine, only Delaware appears to have explicitly rejected the “continuation” theory. See Blue Hen Mech., Inc. v. Christian Bros. Risk Pooling Tr., 117 A.3d 549, 557 (Del. 2015) (rejecting a request for recognition of a claim for malicious prosecution “based on the wrongful continuation of proceedings after probable cause no longer exists” because the Court could see “no reason to extend the tort of malicious prosecution beyond the limited scope given to it by long-standing Delaware case law, and many reasons” for declining to do so (footnote omitted)). At an absolute minimum, these decisions make it clear to me that the overwhelming majority of American jurisdictions recognize the viability of the continuation rule in malicious prosecution cases.
In spite of the well-established nature of the “continuation” theory both nationally and in North Carolina, the Court refrains from commenting upon its viability on the grounds that, since “[plaintiff’s complaint is not that the original probable cause dissipated” and focuses, instead, upon a claim that “probable cause never existed,” “[w]e need not address [the viability of] that theory in this jurisdiction. I am not, given my belief that plaintiff has, in fact, attempted to assert a valid “continuation” claim; the breadth of the authorities that recognize the validity of the “continuation” theory; the fact that neither party has openly questioned the validity of that theory in their briefs or during oral argument; and the fact that the logic underlying the “continuation” theory strikes me as fully consistent with this Court’s malicious prosecution jurisprudence, comfortable with such a result, which seems to cast the validity of the “continuation” theory in North Carolina into unnecessary doubt. As a result, in light of my understanding of the allegations set forth in plaintiff’s complaint, I believe that our analysis of the “lack of probable cause” allegations contained in plaintiff’s complaint must necessarily focus upon both the allegations concerning the time at which plaintiff was originally charged with the murder of his estranged wife by the Davie County grand jury and the time at which the decision was made to continue proceeding against plaintiff on the charge of murdering his wife following the additional blood smear “tests” conducted by defendants.
According to well-established North Carolina law,
[a] pleading complies with [N.C. R. Civ. P. Rule 8(a)(1)] if it gives sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and—by using the rules provided for obtaining pretrial discovery—to get any additional information he may need to prepare for trial.
*444 Sutton v. Duke, 277 N.C. 94, 104, 176 S.E.2d 161, 167 (1970). Although notice pleading pursuant to Rule 8(a)(1) of the North Carolina Rules of Civil Procedure does not require “detailed fact-pleading,” id. at 104, 176 S.E.2d at 167, it does “manifest the legislative intent to require a more specific statement, or notice in more detail, than Federal Rule 8(a)(2) requires,” id. at 100, 176 S.E.2d at 164, so that “no amount of liberalization should seduce the pleader into failing to state enough to give the substantive elements of his claim or of his defense,” id. at 105, 176 S.E.2d at 167 (quoting William C. Myers & James E. Humphreys, Jr., Pleadings and Motions, 5 Wake Forest Intramural L. Rev. 70, 73 (1969)). As a result, our precedent suggests that at least some allegations supplying a factual basis for a malicious prosecution claim are necessary to preclude dismissal for failure to state a claim for which relief can be granted. See Stanback v. Stanback, 297 N.C. 181, 204, 254 S.E.2d 611, 626 (1979) (stating that “a complaint must nonetheless state enough to give the substantive elements of at least some legally recognized claim” to preclude dismissal for failure to state a claim for which relief can be granted), disapproved on other grounds by Dickens v. Puryear, 302 N.C. 437, 447-48, 276 S.E.2d 325, 331-32 (1981). In view of the fact that “the well-pleaded material allegations of the complaint are taken as admitted” while the “conclusions of law or unwarranted deductions of fact[ ] are not admitted,” Lloyd v. Babb, 296 N.C. 416, 427, 251 S.E.2d 843, 851 (1979) (quoting Sutton, 277 N.C. at 98, 176 S.E.2d at 163), “it is our task to determine whether” plaintiff’s factual “allegations as a matter of law demonstrate the adequacy, or lack thereof, of’ plaintiffs claim” id. at 427, 251 S.E.2d at 851. Thus,
[dismissal under Rule 12(b)(6) is proper when one of the following three conditions is satisfied: (1) the complaint on its face reveals that no law supports the plaintiff’s claim; (2) the complaint on its face reveals the absence of facts sufficient to make a good claim; or (3) the complaint discloses some fact that necessarily defeats the plaintiff’s claim.
Wood v. Guilford County, 355 N.C. 161, 166, 558 S.E.2d 490, 494 (2002) (citing Oates v. JAG, Inc., 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985)). When considered in light of the applicable legal standard, I believe plaintiffs complaint fails to allege a valid claim for malicious prosecution against defendants arising from either the initiation of criminal charges against plaintiff or the decision to continue prosecuting him following the performance of the unscientific blood smear “tests.”
*445 “It is certainly the general rule, applicable to [malicious prosecution cases], that when a committing magistrate has bound the party over or a grand jury has found a true bill against him, such action prima facie makes out a case of probable cause, and the jury should be directed to consider the evidence as affected by this principle.” Stanford v. Grocery Co., 143 N.C. 419, 426, 55 S.E. 815, 817 (1906) (citations omitted). In view of plaintiff’s acknowledgement that the Davie County grand jury returned a bill of indictment charging him with murder, he has, in effect, pleaded a fact that serves to defeat his malicious prosecution claim in the absence of an allegation providing some basis for overcoming the prima facie case of probable cause that he has set out in his complaint. Although plaintiff asserts that he acted in self-defense at the time that he killed his wife and that defendants “fail[ed] to properly investigate the circumstances of [Mrs.] Turner’s death” and plaintiff’s “claim of self-defense,” these conclusory allegations provide no support for the legal conclusion stated in his complaint to the effect that “there was a lack of probable cause to sustain an indictment on first-degree murder and but for the malicious, intentional acts of [defendants, plaintiff] would not have been indicted and tried for first-degree murder.” See Carson, 231 N.C. at 633, 58 S.E.2d at 612 (stating that, “when the facts are admitted or established, the question of probable cause is one of law for the court” (citing Rawls v. Bennett, 221 N.C. 127, 130, 19 S.E.2d 126, 128 (1942); Morgan v. Stewart, 144 N.C. 424, 425, 57 S.E. 149, 149 (1907)). For example, plaintiff failed to allege that defendants unreasonably declined to believe his protestations of innocence, that he did nothing to provoke the attack that he claimed that his wife had made upon him, or that defendants had no basis whatsoever for failing to accept plaintiff’s assertion that he acted in perfect self-defense. As a result, given that plaintiff has failed to allege any factual support for his assertion that, despite the grand jury’s decision to charge him with murdering his wife, there was no probable cause to believe that he was guilty of murder, plaintiff’s complaint fails to give defendants sufficient notice of the events or transactions which produced the claim so as to enable defendants to understand the nature of plaintiff’s claim and the basis for it, and consequently, plaintiff’s complaint must be deemed fatally defective.
Similarly, I do not believe that plaintiff has stated a malicious prosecution claim against defendants arising from the unlawful continuation of the underlying murder prosecution without probable cause stemming from the actions taken in the aftermath of the 15 January 2008 meeting. In essence, plaintiff alleges that, following this meeting, defendants “wantonly and maliciously conducted unscientific tests to ‘shore up’ the new theory that [plaintiff’s] wounds were self-inflicted and therefore, *446 not a result of self-defense.” Although the allegations set forth in plaintiffs complaint clearly describe a highly unethical attempt to manufacture evidence in support of the State’s attempt to convict plaintiff of first-degree murder, the complaint provides no indication whatsoever that the machinations in which defendants allegedly engaged had any effect beyond bolstering the State’s existing case against plaintiff. Put another way, the existence of additional, albeit manufactured, evidence, while certainly enhancing the likelihood that plaintiff would be wrongly convicted of murdering his wife, could not have done anything to detract from the existing evidence that had resulted in the Davie County grand jury’s decision to charge plaintiff with murder.[16] Thus, I do not believe that plaintiff has stated a claim for relief sounding in malicious prosecution arising from the additional “unscientific” blood smear testing that defendants performed in early 2008.
In summary, while I am unable to agree with the manner in which the Court has analyzed the sufficiency of plaintiff’s complaint to allege a malicious prosecution claim against defendants, I do agree that plaintiff failed to state a malicious prosecution claim against them in his complaint. Despite the presence of an allegation that makes out a prima facie showing that probable cause was not lacking, plaintiff has completely failed to provide any factual support for his conclusory allegation that plaintiff’s prosecution was initiated and continued in the absence of the requisite probable cause. As a result, I concur in the Court’s opinion with respect to the sufficiency of plaintiff’s complaint to state a claim for intentional infliction of emotional distress and concur in the result that the Court has reached with respect to the sufficiency of plaintiff’s complaint to state a malicious prosecution claim against defendants.

. Although the majority relies on Williams v. Boylan-Pearce, Inc., 69 N.C. App. 316, 318-19, 317 S.E.2d 17, 19 (1984), aff’d per curiam on other grounds, 313 N.C. 321, 327 S.E.2d 870 (1986), in support of this proposition, I do not view the opinion in that case as holding that the issue of probable cause in a malicious prosecution case must be resolved based solely upon an analysis of the facts in existence during a window of time between the commission of the underlying criminal act and the point at which the prosecution of the plaintiff began. Moreover, the only issue before this Court in that matter, which came to us by way of a partial dissenting opinion, related to the availability of punitive damages rather than the sufficiency of the plaintiff’s showing of a want of probable cause. Id. at 322-23,317 S.E.2d at 21-22 (Johnson, J., concurring in part and dissenting in part).

. In fact, a careful study of the brief that plaintiff filed before this Court causes me to question the extent to which plaintiff attempted to state a malicious prosecution claim against either defendant arising from the Davie County grand jury’s initial decision to charge him with murdering his wife. However, I do not believe that we need to make a *431 definitive determination of the exact nature of the malicious prosecution claim that plaintiff has attempted to state in his complaint given his failure to allege a viable malicious prosecution claim against defendants on the basis of either of the two theories discussed in the text of this separate opinion.

. Special Agent Deaver did not become involved in the prosecution of plaintiff until sometime after the Davie County grand jury charged plaintiff with murdering his wife. For that reason, the fact that plaintiff sought to obtain a malicious prosecution recovery against Special Agent Deaver clearly indicates that plaintiff’s claim rested upon more than an assertion that he was initially indicted for murdering his wife in the absence of probable cause.

. Before the trial court, plaintiff’s counsel argued that defendants lacked “a very good answer” for Allison, which he described as holding that “[mjalicious prosecution is either the initiation of a criminal proceeding without probable cause or the continuation of a proceeding when it is discovered that probable case no longer exists,” and stated that plaintiffs complaint “clearly alleged” a claim stemming from defendants’ involvement in the continuation of the criminal charges that had earlier been lodged against plaintiff in the absence of the necessary probable cause.

. Although the “Pattern Jury Instructions are not binding on this Court,” Stark v. Ford Motor Co., 365 N.C. 468, 478, 723 S.E.2d 753, 760 (2012) (citation omitted), they do express “ ‘the long-standing, published understanding’ of... case law and statutes,” State v. Walston, 367 N.C. 721, 731, 766 S.E.2d 312, 319 (2014) (quoting Stark, 365 N.C. at 478, 723 S.E.2d at 760).

. To be sure, the authors of the same treatise also state that “[p]robable cause is judged by appearances to the defendant at the time he initiates prosecution, not by facts discovered later,” with such subsequently discovered facts being “relevant only to show the entirely different defense based on the accused’s guilt in fact.” Id. § 119, at 876 (footnote omitted). However, I do not believe that this statement undercuts the argument advanced in the text of this separate opinion given that, when read literally, it only applies to situations involving the initiation of the underlying criminal proceeding rather than to its continuation.

. The Supreme Court of Florida has “accepted jurisdiction” over Debrincat, but has not yet decided it. 182 So. 3d 631 (2015).

. In its earlier decision in Lind v. Schmid, the New Jersey Supreme Court defined the tort of malicious prosecution without making any mention of the continuation rule. 67 N. J. 255, 262, 337 A.2d 365, 368 (1975). Aside from the fact that Lind preceded LoBiondo, nothing in Lind expressly rejects the validity of the continuation rule and some of the Court’s language may tend to show its validity. Lind, 67 N.J. at 263, 337 A.2d at 368 (stating that “[t]he fallacy of this rationale is that it fails to recognize that the concept of probable cause in malicious prosecution is not fixed from one frame of reference”). As a result, it appears to me that New Jersey does, in fact, accept the validity of the continuation rule.

. In two decisions, the Oklahoma Supreme Court omitted any reference to the continuation rule in stating the elements of the tort of malicious prosecution. Greenberg v. Wolfberg, 1994 OK 147, ¶¶ 13-15,890 P.2d 895,901-92 (1994); Imo Oil & Gas Co. v. Knox, 1931 OK 440, ¶ 9, 154 Okla. 100, 102, 6 P.2d 1062, 1064 (1931). I do not believe that a failure to expressly incorporate the continuation rule into the definition of the tort of malicious prosecution in those cases can be understood as a refusal to recognize the existence of the continuation rule. Greenberg, 1994 OK 147, ¶ 14 n.22, 890 P.2d at 902 n.22, expressly relies upon Sawyer v. Shick, in which the continuation rule is expressly recognized, 1911 OK 475, ¶ 4, 30 Okla. 353, 354, 120 P. 581, 582 (1911). Similarly, the omission of any reference to the continuation rule in Imo Oil, 1931 OK 440, ¶ 9, 154 Okla. at 102, 6 P.2d at 1064, appears to be an anomaly given that one of the two cases cited in support of the definition of malicious prosecution utilized in that decision incorporates the continuation rule, Sawyer, 1911 OK 475, ¶ 4, 30 Okla. at 354, 120 P. at 582, and the other case does not define the elements of the tort of malicious prosecution at all, Robberson v. Gibson, 1917 OK 131, 62 Okla. 306, 162 P. 1120 (1917).

. To be sure, there is no reference to the continuation rule in the definition of the tort of malicious prosecution set out in Roberts v. Federal Express Corp., 842 S. W.2d 246, 247-48 (Tenn. 1992). However, the fact that Roberts does not question Pera and the fact that the Tennessee Court of Appeals has reiterated the validity of the continuation rule in rebanee upon Pera within the past five years, Bovat v. Nissan N. Am., No. M2013-00592-COA-R3-CV, 2013 WL 6021458, at *3 (Term. Ct. App. Nov. 8, 2013) (stating that, despite the absence of any reference to the continuation rule in the definition of maheious prosecution set out in Roberts, 842 S.W.2d at 248, and Christian v. Lapidus, 833 S.W.2d 71, 73 (Tenn. 1992), and “even though one has probable cause to initiate criminal charges, there can be liability for the maheious continuation of a criminal proceeding” (quoting Pera, 674 S.W.2d at 722)), I beheve that Tennessee recognizes the viability of the continuation rule.

. In Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997), the tort of malicious prosecution was defined without reference to the continuation rule. However, since Richey did not overrule Texas Beef Cattle and focused upon an issue other than the viability of the continuation rule, I do not believe that Richey can properly be understood as holding that Texas has rejected the validity of the continuation rule.

. The Utah Supreme Court made no mention of the continuation rule in reciting the elements of the tort of malicious prosecution in Neff v. Neff, 2011 UT 6, ¶ 52, 247 P.3d 380, 394 (2011), but did not overrule either Cline or Schettler.

. The Connecticut Court of Appeals did hold in Diamond 67, LLC v. Oatis, 167 Conn. App. 659, 681, 144 A.3d 1055, 1069 (2016), that the related tort of vexatious litigation permitted a finding of liability predicated on a defendant’s “initiation, continuation, and/or procurement” of a prior civil action, while suggesting that the continuation rule did not apply in malicious prosecution cases, id. at 683, 144 A.3d at 1070-71, which, in Connecticut, are limited to claims for relief based upon the initiation of baseless criminal charges, see Bhatia, 287 Conn. at 404-05, 948 A.2d at 1017.

. The New Mexico Supreme Court has consolidated what are, in most jurisdictions, the separate torts of malicious prosecution and abuse of process into 'the tort of malicious abuse of process. Durham, 2009-NMSC-007, ¶ 18, 145 N.M. at 698, 204 P.3d at 23. Although the New Mexico Supreme Court initially held in DeVaney that the elements of the tort of malicious abuse of process of process are “the initiation of judicial proceedings against the plaintiff by the defendant,” “an act by the defendant in the use of process other than such as would be proper in the regular prosecution of the claim,” “a primary motive by the defendant in misusing the process to accomplish an illegitimate end,” and “ damages,” 1998-NMSC-001, ¶ 17, 124 N.M. at 518, 953 P.2d at 283, that court subsequently overruled its prior decision in DeVaney and modified the definition of the first element of the consolidated tort so as to delete the requirement that “the defendant... have initiated a judicial proceeding against the plaintiff,” Durham, 2009-NMSC-007, ¶ 29, 145 N.M. at 701, 204 P.3d at 26, and to replace it with “the use of process in a judicial proceeding that would be improper in the regular prosecution or defense of a claim or charge, ” with this improper use of process consisting of either the “filing [of] a complaint without probable cause,” or “ ‘an irregularity or impropriety suggesting extortion, delay, or harassment’ or other conduct formerly actionable under the tort of abuse of process,” id. at ¶ 29, 145 N.M. at 701, 204 P.3d at 26 (quoting Fleetwood Retail Gorp. of N.M. v. LeDoux, 2007-NMSC-047, ¶ 12, 142 N.M. 150, 154, 164 P.3d 31, 35 (2007)). Although one could argue that this restatement of the elements of the tort of malicious abuse of process suffices to recognize something akin to the continuation rule for malicious abuse of process claims, the validity of that argument has not, to my knowledge, been tested.

. I do not wish to be understood as making any claim that the discussion of the decisions made by other jurisdictions with respect to the validity of the continuation rule set out in the text of this separate opinion is complete. I merely offer it in support of my general belief that the validity of the continuation rule is well recognized across the United States.

. Although plaintiff has argued that he had alleged that defendants had “a collateral purpose in initiating or continuing the proceedings” against him and that this fact provides “prima facie evidence of a lack of probable cause,” citing Taylor v. Hodge, 229 N.C. 558, 50 S.E.2d 307 (1948) and Wilson v. Pearce, 105 N.C. App. 107, 412 S.E.2d 148, disc. rev. denied, 331 N.C. 291, 417 S.E.2d 72 (1992), that logic does not suffice to resuscitate plaintiff’s malicious prosecution claim in this case given that defendants’ desire “to secure a conviction [in] a high publicity murder case regardless of guilt to further [defendants’] careers” and “to assist the District Attorney in winning a very public case for political purposes” does not seem to me to rise to the level of personal malice and effort to obtain personal gain present in the cases upon which plaintiff relies.